UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 26 2007



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ALFRED A. LEVITT,<br><br>              Petitioner,<br><br>-vs-<br><br>JERROLD G. COOLEY, Chief U.S.<br>Probation Officer (Montana); and<br>J.D. WHITEHEAD, Warden<br>(FPC Yankton),<br><br>              Respondents. | CIV 06-4228<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Alfred Levitt, an inmate at the Federal Prison Camp in Yankton, South Dakota, has applied for a writ of habeas corpus under 28 U.S.C. § 2241. Levitt seeks an Order of this Court to require the Chief United States Probation Officer, Jerrold Cooley, in the District of Montana to provide a "relocation acceptance letter." In compliance with the Court's Order, the Respondents filed a response to the petition. Levitt then submitted a reply. For the reasons stated below, Petitioner's application for a writ of habeas corpus will be denied.

Levitt is currently incarcerated at the Federal Prison Camp in Yankton, South Dakota. He pled guilty to and was sentenced to 24 months' imprisonment for violation of 18 U.S.C. § 1014, involving a false statement to a bank regarding his income and assets. He was sentenced by the United States District Court, Eastern District of California. He was arrested at the Los Angeles, California airport on October 5, 2005, after returning to the United States from Australia. For the five years preceding his arrest, Levitt worked in the cattle business on large remote Australian cattle stations and has not had any contact with the United States. He does not have any family, friends or business contacts with anyone in California. He is currently scheduled to be released to a halfway

house in San Francisco, California on May 2, 2007. Rather than being sent to California, he desires to be placed in a halfway house in Montana because he believes he can find a place of employment in the cattle business.

Although the Court finds Levitt's release plan reasonable, the Court does not have authority under 28 U.S.C. § 2241, to order Defendant Cooley to submit a relocation acceptance letter. A petition for a writ of habeas corpus must name as respondent the person having custody over the petitioner, and the writ shall be directed to that person. *See* 28 U.S.C. §§ 2242 and 2243. Thus, a probation officer in the District of Montana is not a proper respondent in this action.

The Court also finds that Levitt is not entitled to an Order directing the BOP to designate him to serve the remainder of his sentence in any particular institution. First, Levitt has not exhausted his administrative remedies regarding placement in a halfway house in the State of Montana. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (holding that the district court properly denied a § 2241 petition because the petitioner failed to exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons). Second, the law is clear that inmates do not have a constitutionally protected liberty interest in housing in any particular prison. *See Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). "Thus, constitutionally speaking, such assignments are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight." *Id.* There is no claim that the BOP has assigned Levitt to a halfway house in California for any prohibited or invidious reason.

Moreover, the BOP has not violated any statutory provision regarding Levitt's placement. The BOP has statutory authority to designate inmates to correctional facilities under 18 U.S.C. § 3621(b), which provides:

> **(b) Place of imprisonment.** - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or

otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ....

In addition to the above statutory authority, the BOP has authority to place an inmate in a halfway house to help him or her prepare for re-entry into the community:

> **(c) Pre-release custody.**– The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624. The BOP has not violated this statute. Moreover, this statute does not require the Probation Office in any particular district to accept supervision over him and the Court does not have the authority under 28 U.S.C. § 2241 to require Defendant Cooley to accept supervision over him. Levitt disagrees with Defendant Cooley's decision, but that is not grounds for relief under 28 U.S.C. § 2241. Although placement at a halfway house in Montana may give Levitt a better chance for employment than such confinement in California, the Court does not find the BOP has violated any of Levitt's constitutional or statutory rights regarding assignment to the Cornell Corrections of California facility in San Francisco and his petition will be denied. Accordingly,

IT IS ORDERED that Petitioner's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is denied.

Dated this 26th day of April, 2007.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(SEAL)   DEPUTY

3